MWG:MJC
F. #2023R00974

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA | S U P E R S E D I N G  I N F O R M A T I O N |
| - against - | Cr. No. 24-CR-332 (S-1) (FB) |
| JADE EVEN THOMAS, | (T. 18, U.S.C., §§ 2252(a)(4)(B), 2252(b)(2), 2253(a), 2253(b) and 3551 et seq.; T. 21, U.S.C., § 853(p)) |
| Defendant. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

THE UNITED STATES ATTORNEY CHARGES:

POSSESSION OF CHILD PORNOGRAPHY

1. On or about January 2, 2022, within the Eastern District of New York and elsewhere, the defendant JADE EVEN THOMAS did knowingly and intentionally possess matter which contained one or more visual depictions, to wit: (a) digital videos and images stored on an Apple iPhone 8 with IMEI 35321905001696; and (b) digital videos and images stored on a Yoga Laptop (S/N PF22ZDRG) with Model Number B1TC, that had been mailed, and had been shipped and transported using one or more means and facilities of interstate and foreign commerce and in and affecting interstate and foreign commerce, and which were produced using materials which had been mailed and so shipped and transported, by any means, including by computer, the production of such visual depictions having involved the use of one or more minors engaging in sexually explicit conduct, and such visual depictions having been of such conduct.

(Title 18, United States Code, Sections 2252(a)(4)(B), 2252(b)(2) and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION

2. The United States hereby gives notice to the defendant that, upon his conviction of the offense charged herein, the government will seek forfeiture in accordance with Title 18, United States Code, Section 2253(a), which requires the forfeiture of (a) any visual depiction described in Section 2251, 2251A, 2252, 2252A, 2252B or 2260 of Title 18 of the United States Code, or any book, magazine, periodical, film, videotape or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of such sections; (b) any property, real or personal, constituting, or traceable to, gross profits or other proceeds obtained from such offense; and (c) any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property, including but not limited to the following assets, both of which were seized on or about August 30, 2023, from the defendant's residence in Brooklyn, New York:

    (a)    one Apple iPhone 8 with IMEI 35321905001696; and

    (b)    one Yoga Laptop (S/N PF22ZDRG) with Model Number B1TC.

3. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 2253(a) and 2253(b); Title 21, United States Code, Section 853(p))

*By David Pitluck, Asst. U.S. Attorney*
JOHN J. DURHAM
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK